IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:09-502-JFA |
|---|---|---|
| v. | ) | ORDER |
| MARVIN JAVARUS MANSFIELD | ) | |

The *pro se* defendant/petitioner, Marvin Javarus Mansfield, is an inmate with the Federal Bureau of Prisons. He has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255[1] contending that this court should resentence him in light of the Fair Sentencing Act of 2010.

The government, here the respondent, has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure asserting that the defendant's motion is without merit. The court advised the defendant in a *Roseboro* order of the importance of his adequate response to the motion for summary judgment, however, the defendant did not respond to the motion. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

For the reasons that follow, the court hereby grants the government's motion for summary judgment. Accordingly, an evidentiary hearing is unnecessary.

PROCEDURAL HISTORY

In February 2010, the defendant pled guilty to the lesser included offense of

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

1

conspiracy to possess with intent to distribute and to distribute 5 grams or more of cocaine base ("crack") and 500 grams or more of cocaine. By the government allowing the defendant to plead guilty to the lesser conspiracy count, the defendant's statutory mandatory minimum sentence was reduced from Life to a ten-year mandatory minimum. This mandatory minimum was the result of two prior felony drug convictions to which the defendant stipulated to in his plea agreement pursuant to 28 U.S.C. § 851.

In the Presentence Report (PSR), the defendant was determined to be a career offender, which increased his guideline range from 120 months (the mandatory minimum) to 262 to 327 months imprisonment. There was no sentencing disparity between the cocaine and cocaine base because the court adopted a 1 to 1 ratio of crack to cocaine. Moreover, the defendant's sentence was driven by the determination that he was a career offender, not by the quantity of cocaine base ("crack").

At the defendant's sentencing hearing on February 25, 2011, the government moved for, and the court granted, a 3-level downward departure in the defendant's offense level under United States Sentencing Guideline (U.S.S.G.) § 5K1.1 as a result of the defendant's substantial assistance. This reduced the defendant's offense level from 34 (based on a career offender status) to level 31, which produced a range of 188 to 235 months. The court sentenced the defendant to 188 months imprisonment.

STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under

§ 2255, a defendant must prove that one of the following occurred:

>(1)    a sentence was imposed in violation of the Constitution or laws of the United States;
>
>(2)    the court was without jurisdiction to impose such a sentence;
>
>(3)    the sentence was in excess of the maximum authorized by law; or
>
>(4)    the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

28 U.S.C. § 2255.

*Summary Judgment*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir.1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S.

242, 247–48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

*Statute of Limitations*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. It appears that the defendant's motion is timely.

DISCUSSION

As the government notes in its motion for summary judgment, the defendant's guideline sentence was driven by his classification as a career offender and the fact that he pled guilty to 5 grams or more of cocaine base *and* 500 grams or more of cocaine powder. The Fair Sentencing Act was enacted on August 3, 2010 and statutorily changed the threshold quantities of crack cocaine that trigger mandatory minimum sentences under 21 U.S.C. § 841(b)—it did not change the statutory mandatory minimum penalties for powder

cocaine.² Thus, the FSA does not apply to the defendant's sentence. Even though the defendant was convicted for cocaine base offenses, his offenses also involved 500 grams or more of cocaine powder, a quantity which still produces the same 10-year mandatory minimum and maximum life sentence under the Fair Sentencing Act.

CONCLUSION

For all the foregoing reasons, the court concludes that the defendant's § 2255 motion is without merit. Accordingly, the government's motion for summary judgment (ECF No. 1047) is granted.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).³

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 18, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

² In the recent Supreme Court case of *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (June 21, 2012), the Court found that the Fair Sentencing Act (FSA) does not apply to those defendants sentenced prior its enactment on August 3, 2010. Further, the Fourth Circuit Court of Appeals found in *United States v. Mouzone*, 687 F.3d 207 (4th Cir. 2012) that the FSA applies retroactively only to offenders whose crimes preceded the August 3, 2010, but who were sentenced after that date. The defendant was sentenced after enactment of the FSA.

³ A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).